Robin LOMBARDO, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 01–3095.

United States Court of Appeals, Federal Circuit.

March 14, 2001.

May 14, 2001.

848

Before MAYER, Chief Judge,
FRIEDMAN, Senior Circuit Judge, and
RADER, Circuit Judge.

DECISION

PER CURIAM.

The decision of the Merit Systems Protection Board ("Board") affirming the reconsideration decision of the Office of Personnel Management ("OPM") denying the petitioner Robin Lombardo's application for civil service disability retirement benefits, is affirmed.

OPINION

I

Lombardo resigned voluntarily in a reduction in force as a secretary at an Army installation. She subsequently applied for civil service disability retirement based upon hypersensitivity pneumonitis/multiple chemical sensitivities. She stated that her condition prevented her from working in areas where she might be exposed to mold, mildew, asbestos, chemicals, water damage, cigarette smoke, perfume, or poor quality air, and that the area where she had worked involved those conditions.

OPM denied disability retirement. It ruled that, based upon the medical evidence submitted, Lombardo had not substantiated her claim that her medical condition prevented her from performing the duties of her position or necessitated her absence from work, and that the Army had accommodated her request to work in other locations while her usual place of work was being renovated. On reconsideration OPM stated that the Army had accommodated Lombardo's condition; that she had performed all the essential duties of her position up to the date she resigned; and that because of the renovations in the building where she had worked, there was no objective medical evidence to show that she could not have returned to work there if she had not resigned.

The Board affirmed. *Lombardo v. Office of Pers. Mgmt.*, No. PH–0831–00–0085–I–1 (M.S.P.B. March 14, 2000). In his initial decision, which became final when the Board denied review, the administrative judge discussed at length the medical and other evidence in the record relating to Lombardo's claim that she was disabled. Based upon the evidence, the Board found that "she has not shown that she has a disabling medical condition," and that "there is no specific, objective evidence that conditions in general at the [place where she worked] posed hazards to the appellant's health." The Board further found that Lombardo had not shown that "her employing agency could not accommodate her disabling condition in the

position held or in an existing, vacant position.... [I]t is not in dispute that the employing agency permitted her great latitude in 1996 in selecting a work location within Building 65 [the building where she worked] away from the water-damaged area, authorized her to work in a building other than Building 65 after her hospitalization, and did not force her to return to Building 65 even after renovations to her regular work station apparently had been completed. Moreover, she resigned her position before attempting to return to Building 65 and thus did not afford the employing agency the opportunity to make further accommodations in the event she proved unable to tolerate conditions in the building even after the remodeling."

## II

■ Our authority to review Board decisions relating to disability retirement determinations is extremely limited. As the Supreme Court stated, "while the factual underpinnings of § 8347 disability determinations may not be judicially reviewed, such review is available to determine whether 'there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination.'" *Lindahl v. Office of Pers. Mgmt.*, 470 U.S. 768, 791, 105 S.Ct. 1620, 84 L.Ed.2d 674 (1985) (citation omitted).

■ Virtually all of Lombardo's challenges to the denial of her disability retirement application relate to "the factual underpinnings" of that determination, *i.e.*, she contends that the evidence in that record establishes her disability. Under *Lindahl*, however, we have no authority to consider those contentions. To the extent she raises questions going beyond those factual challenges, however, her contentions do not rise to the level of the three

issues set forth above over which we have jurisdiction.

Thus, unfortunately for Ms. Lombardo, under the particular statutory provisions involved, we cannot consider the merits of her numerous challenges to the denial of her application for disability retirement benefits.